UNITED STATES of America,
Plaintiff—Appellee,

v.

Desiree Diane SCHAEFFER,
Defendant—Appellant.

No. 03–30564.

D.C. No. CR–03–00027–SEH.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Marcia Good Hurd, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff-Appellee.

David F. Ness, Esq., FDMT—Federal Defenders of Montana, Great Falls, MT, for Defendant-Appellant.

Before GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellee's motion to submit the case on the briefs is granted.

MEMORANDUM **

Desiree Diane Schaeffer appeals her 180–month sentence imposed following a jury conviction for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 846. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Because Schaeffer was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court for further proceedings consistent with *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

Schaeffer contends that due process and ex post facto principles require this court to instruct the district court that upon remand her sentence may not exceed 151 months, which is the high end of the guideline range authorized by the jury's verdict. This contention is foreclosed by *United States v. Dupas*, 419 F.3d 916, 918 (9th Cir.2005) (holding that retroactive application of the remedial opinion in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), does not violate the ex post facto principle incorporated into the due process clause).

REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

